UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNY DAILY, etc.

        Plaintiff,

v.                           CASE NO. 8:11-CV-1935-T-17MAP

BEEF O'BRADYS PALMA
CEIA, INC., etc., et
al.,

        Defendants.

_____/


ORDER

This cause is before the Court on:

    Dkt. 10 Tender of Payment, Motion to Dismiss and
          Memorandum
    Dkt. 11 Opposition
    Dkt. 15 Reply
    Dkt. 18 Notice

The Complaint includes Plaintiff's claim for violation of the Fair Labor Standards
Act, 29 U.S.C. Sec. 206, for failure to pay Plaintiff the minimum wage for all hours
worked, and for failure to maintain proper time records, in Count I, Plaintiff's claim for
recovery of minimum wages under the Florida Constitution, on behalf of Plaintiff and all
others similarly situated, in Count II, and Plaintiff's request for declaratory relief in Count
III.

I. Defendants' Motion

Defendants now move to dismiss Count I in part, Count II and Count III, with

prejudice. Defendants have tendered $2,220.00, representing $1,087.50 for wages, $1,087.50 for liquidated damages, plus an additional $45.00, with the reservation of jurisdiction to enter an award of reasonable attorney's fees and costs. As to Count I, Defendants rely on Fed. R. Civ. P. 12(h)(3).

As to Count II, Defendants argue that Plaintiff did not provide the requisite pre-suit notice prior to filing an action for minimum wages under the Florida Constitution. In the alternative, Defendants request that the Court refuse to exercise supplemental jurisdiction as to Count II.

As to Count III, Defendants argue that there is no case or controversy ripe for declaratory relief.

Defendants request the entry of an Order dismissing the wage and liquidated damages claim in Count I with prejudice, and reserving jurisdiction to enter an order awarding reasonable attorney's fees and costs to Plaintiff, and dismissing Counts II and III with prejudice.

II. Plaintiff's Opposition

Plaintiff Daily opposes Defendants' Motion to Dismiss. As to Count I, Plaintiff Daily argues that Defendants have made an offer to resolve Count I, exclusive of attorney's fees and costs. Plaintiff argues that Plaintiff is entitled to a judgment in Plaintiff's favor, with the Court reserving jurisdiction to determine the amount of prevailing party attorney's fees and costs as to Count I.

Plaintiff Daily further argues that Defendants' tender is ineffective, in that as of the date of Plaintiff's response, no payment has been received by Plaintiff or her counsel.

As to Count II, Plaintiff Daily argues that it is well-settled that pre-suit notice is not a condition pre-requisite to a claim brought pursuant to Article X, Section 24 of the Florida Constitution.

As to Count III, Plaintiff Daily argues that Defendants' denial of liability and payment of partial damages in an effort to resolve Count I does not logically moot Count III.

Plaintiff requests that the Court enter an Order: 1) approving the settlement offer to Plaintiff as to Count I; 2) entering judgment in favor of Plaintiff as to Count I; 3) reserving jurisdiction to determine the award of reasonable attorney's fees and costs to Plaintiff as the prevailing party on Count I; 4) denying Defendants' Motion in its entirety, and granting any other relief the Court deems just.

III. Defendants' Reply

As to Count I, Defendants argue that Count I should be dismissed for lack of subject matter jurisdiction, as Plaintiff accepted all wage and liquidated damages potentially recoverable under the FLSA. There was no compromise of Plaintiff's claim; Plaintiff received $2,220, which exceeded Plaintiff's demand. Biscaino v. ARS Acquisition Holdings, LLC, 2011 WL 4424394 (M.D. Fla. 9/13/2011). In determining the award of fees, Defendants request that the Court take into consideration counsel's failure to pursue settlement prior to filing the lawsuit. Defendants also request the Court to consider counsel's refusal to disclose the amount of the wage and attorney's fee claim to Defendants, which multiplied litigation for Count I, and caused both parties to incur additional attorney's fees.

As to Count II, Defendants argue that the Court should decline to exercise supplemental jurisdiction. Demauro v. Limo, Inc., 2010 WL 2471501 (M.D. Fla.

Case No. 8:11-CV-1935-T-17MAP

6/17/2010).

As to Count III, Defendants argue that dismissal is appropriate because Plaintiff Daily is a former employee, no similarly situated plaintiff has been identified, no motion for certification has been filed, and Plaintiff is seeking settlement of Count I. Snyder v. Glen Lakes Partnership, Ltd., 2011 WL 2881843 (M.D. Fla. 7/19/2011).

IV. Discussion

After consideration, the Court grants Defendants' Motion to Dismiss Count I with prejudice, and retains jurisdiction to determine the award of reasonable attorney's fees and costs.    Plaintiff Daily accepted the settlement offer, and cashed the checks tendered by Defendants. Since Plaintiff received more than wages and liquidated damages than Plaintiff sought, there was no compromise of Plaintiff's claim, and the Court's approval is not required.

As to Count II, the Court declines to exercise supplemental jurisdiction. Demauro v. Limo, Inc., supra. The Court dismisses Count II with prejudice.

As to Count III, given the dismissal of Count I, and the absence of any similarly situated plaintiff, the Court finds that there is no controversy ripe for adjudication, and dismisses Count III with prejudice.   Accordingly, it is

**ORDERED** that the Motion to Dismiss with prejudice is **granted**, and the Court retains jurisdiction to determine reasonable attorney's fees and costs as to Count I. The Clerk of Court shall close this case.

4

Case No. 8:11-CV-1935-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30 day of November, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record